UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CODY MCCLAIN,

    Plaintiff,

v.                                          Case No: 2:15-cv-594-FtM-38CM

SECRETARY, DOC, D.G.
LAWRENCE, ROBERT MICHAEL
DANZIG, FNU KUBIK and
WEXFORD HEALTH SOURCES,
INC.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants Jones and Lawrence's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43, "Motion"). Plaintiff filed a Response in Opposition to the Motion (Doc. 45, "Response"). The matter is briefed and ripe for review. For the reasons stated below, the Court grants Defendants' Motion and dismisses Plaintiff's Amended Complaint against Defendants Jones and Lawrence.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**Background**

Plaintiff Cody McClain, an inmate incarcerated in the Florida Department of Corrections, is proceeding on his amended[2] civil rights complaint filed under 42 U.S.C. § 1983 (Doc. 41, "Amended Complaint"). The Amended Complaint purports to add Dr. Kubik as a defendant and substitute Wexford Health Sources, Inc. for Wexford Health Services, Inc. as a defendant. Doc. 41 at 1. The Amended Complaint otherwise names the following as defendants in both their individual and official capacities: Julie Jones, the Secretary of Florida Department of Corrections (DOC), D.G. Lawrence, the Warden of the DeSoto Correctional Institution, and Robert Michael Danzig, D.D.S. *Id.* at 3-6. Liberally construed, the Amended Complaint alleges Eighth Amendment violations in connection with the delay and eventual improper treatment of McClain's abscessed tooth while he was confined in DeSoto Correctional Institution. *See generally* Doc. 41 at 4-15. As relief, McClain seeks declaratory relief, compensatory damages, punitive damages, and costs. *Id.* at 16.

The following facts are set forth in the Amended Complaint and are accepted as true for purposes of this Motion. On or about October 17, 2014, McClain submitted a sick call request to obtain dental services for an abscessed molar. *Id.* at 6. McClain submitted a second sick call request on December 10, 2014, stating that his "gums were bleeding and infected" and he "was in pain." *Id.* at 7. On December 19, 2014, Dr. Kubik "performed a cursory examination" of Plaintiff's mouth and dismissed him "without treatment." *Id.* From December 20, 2014 to February 2, 2015, McClain continued to complain of "pain, infection, and bleeding" to unidentified "dental and security personnel." *Id.* at 8. On

---

[2] The Court granted Plaintiff leave to file an amended complaint. Doc. 40.

February 20, 2015, Dr. Kubik "performed a second cursory examination, and despite the obvious swelling, draining puss, and [McClain's] complaint of pain" provided no treatment. *Id*. McClain made "several more requests for treatment" and was in "severe pain" and "endured the disgusting taste of infection" until April 22, 2015, when he was examined by Dr. Danzig who prescribed McClain antibiotics and a pain reliever. *Id*. at 9. After two follow-up appointments, on June 11, 2015, Dr. Danzig extracted McClain's tooth, which McClain asserts was the "wrong tooth." *Id*.

That same day, McClain submitted an informal grievance checking the box "Warden" claiming that Dr. Danzig removed the wrong tooth. Doc. 41-1 at 4. On June 16, 2015, Dr. Danzig responded to the informal grievance stating that he did not pull the wrong tooth as confirmed by the x-rays, but that McClain has "advanced periodontal disease" and "probably another tooth in the area still needs attention." *Id*. On June 26, 2015, McClain submitted a Request for Administrative Remedy or Appeal checking the box "Assistant Warden" requesting that he be provided with the number of the tooth pulled and the number of the tooth on the x-ray. *Id*. at 5. Defendant Lawrence denied McClain's request for administrative remedy or appeal stating, in part, "tooth 14 was correctly extracted due to periodontal disease. The radiograph clearly confirms the appropriate treatment was administered." *Id.*at 6. On August 14, 2015, McClain submitted a Request for Administrative Remedy or Appeal checking the box "Secretary, Florida Department of Corrections" requesting an extension of time to appeal. *Id.*at 7. On August 21, 2015, McClain's administrative appeal was denied by "C. Neel." *Id.*at 6.

## Standard of Review and Applicable Law

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). In general, a complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests to satisfy the pleading requirements of Fed. R. Civ. P. 8. *Id.* at 555. In addition, the plaintiff's claim must be plausible on its face to overcome a Rule 12(b)(6) motion to dismiss. *Id.* at 556. In particular, the court must be able to draw a reasonable inference from the complaint that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the facts need not be detailed, they must "raise a reasonable expectation that discovery will reveal evidence" in favor of the plaintiff's claim. *Twombly*, 550 U.S. at 556. Overall, labels, conclusions, and a formulaic recitation of the elements of a cause of action are not enough to meet the plausibility standard. *Id.* at 555. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if the alleged claim is not supported by enough factual allegations to raise a reasonable expectation of relief. *Id.*

To state a claim for violating the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prove medical indifference, the plaintiff must demonstrate:

> (1) he had a serious medical need (the objective component); (2) the prison official acted with deliberate indifference to that serious medical need (the subjective component); and (3) the official's wrongful conduct caused the injury. To satisfy the subjective component, the plaintiff must prove the prison official subjectively knew of a risk of serious harm, the official disregarded that risk, and the official's conduct was more than gross negligence.

*Fischer v. Fed. Bureau of Prisons*, 349 F. App'x 372, 374 (11th Cir. 2009) (citing *Goebert v. Lee County,* 510 F.3d 1312, 1326-27 (11th Cir. 2007)). Mere inadvertence, negligence, medical malpractice, or a simple difference in medical opinion do not rise to the level of deliberate indifference. See *Estelle,* 429 U.S. at 106; *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989). In a delay-of-treatment case, the relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert,* 510 F.3d at 1327.

A supervisory official cannot be held liable under a theory of *respondeat superior* or vicarious liability in a § 1983 action. See *Iqbal* 556 U.S. at 676; *Brown v. Crawford,* 906 F. 2d 667, 671 (11th Cir. 1990). Instead, supervisory liability under § 1983 occurs when the supervisor either (1) personally participates in the alleged unconstitutional conduct; or (2) when there is a causal connection between the actions of a supervising official and the alleged constitutional violation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection is shown when (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so," or (2) "a supervisor's custom or policy results in deliberate indifference to constitutional rights," or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006) (internal quotations and citations omitted).

**Analysis**

Plaintiff sues Defendant Jones and Lawrence in both their official and individual capacities. Doc. 41 at 3. At the outset, the Court notes that the Eleventh Amendment

5

bars official capacity claims against state prison officials for money damages. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Therefore, any official capacity claims McClain brings for monetary relief against Defendants Jones and Lawrence fail as a matter of law, and must be dismissed.

Likewise, the Court finds that McClain's claims against Jones and Lawrence in their individual capacity are subject to dismissal. The Amended Complaint is devoid of any factual allegations that either Defendant Jones or Lawrence were personally involved in either delaying or rendering dental care to McClain. In his Response, McClain admits he seeks to hold these Defendants liable not for their own actions, but "for the unconstitutional acts and omissions of Dr.'s Danzig and Kubik." Doc. 45 at 3. As noted earlier, a § 1983 claim cannot be predicated upon vicarious liability or theory of respondeat superior. *Iqbal* 556 U.S. at 676.

Similarly, the Amended Complaint fails to allege a causal connection between any acts by Defendant Jones or Lawrence and the alleged unconstitutional violation (here the delay and improper treatment of dental care). Despite the Amended Complaint containing no allegations of a custom, policy or practice, McClain argues in his Response that Defendant Jones and Lawrence acted as "a governmental policymaker when they denied Mclain proper medical care." Doc. 45 at 4. The amended complaint does not allege that Defendants Jones and Lawrence denied McClain dental care. Instead, both these Defendants arguably only became involved after the alleged unconstitutional violation when McClain initiated the administrative grievance process complaining that the wrong tooth was pulled. Based upon the allegations in the Amended Complaint and the exhibits attached thereto, the Court finds Defendants Jones and Lawrence's involvement in the

administrative process, if any, is woefully short of articulating a causal connection to attribute liability to either of them based on their supervisory positions. See *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (stating "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983"); *Shehee v. Luttrell* 199 F.3d 295, 300 (6th Cir.1999)(finding that prison officials not involved in an inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or failing to act, were not liable under § 1983 on the theory that failing to act constituted an acquiescence in the unconstitutional conduct), *cert. denied,* 530 U.S. 1264 (2000); *Foye v. Wexford Health Sources, Inc.,* 675 F. App'x 210, 214 (3d Cir 2017)(affirming district court's finding that correctional supervisors not personally involved in inmate's medical care not liable under § 1983 where only involvement is denial of administrative grievance); *Gross v. Jones*, Case No. 3:18-cv-594-J-39PDB, 2018 WL 2416236 *4 (M.D. Fla. 2018)(finding Plaintiff failed to state a claim for relief under § 1983 against grievance responders).

Accordingly, it is now **ORDERED:**

Defendants Jones and Lawrence's Motion to Dismiss (Doc. 43) is **GRANTED** and Plaintiff's Amended Complaint (Doc. 41) is hereby **DISMISSED** with prejudice as against Defendants Jones and Lawrence.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of June, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

7