UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:  2:15-cv-594-FtM-38CM

CODY MCCLAIN,

     Plaintiff,

v.

SECRETARY DOC; D.G. LAWRENCE;
ROBERT MICHAEL DANZIG;
FNU KUBIK and WEXFORD HEALTH
SOURCES, INC.

     Defendants.

_____/

**DEFENDANT'S, WEXFORD HEALTH SOURCES, INC.
MOTION TO DISMISS AMENDED COMPLAINT AND
STRIKE CLAIM FOR PUNTIIVE DAMAGES**

COMES NOW the Defendant, WEXFORD HEALTH SOURCES, INC. ("Wexford") by and through its undersigned counsel, and files this its Motion to Dismiss Amended Complaint and Strike Claim for Punitive Damages, and states as follows:

**MOTION**

1. The allegations in the Amended Complaint do not state a claim upon which relief can be granted.

2. Therefore, the Amended Complaint should be dismissed.

3. Additionally, the Amended Complaint does not state a viable claim for punitive damages more specifically shown below.

4. Therefore, the declaratory relief and punitive damage claims should be stricken.

## MEMORANDUM OF LAW

### I. INTRODUCTION

Plaintiff, Cody McClain is an inmate incarcerated in the Florida Department of Corrections, and has filed an Amended Complaint, generally alleging that Defendant, Wexford violated his rights under 42 U.S.C. § 1983 as a result of his dental treatment performed by its employees, Dr. Kubik and Dr. Danzig[1]. "Allegations" against Wexford only appear in paragraphs 6 and 7 of the Amended Complaint, and only as a description of the corporate entity and its employee, Dr. Kubik. Specific allegations against Wexford of how or why it is liable to Plaintiff can not be found in the Amended Complaint. There are only general allegations lumping in all defendants, including the recently dismissed[2] defendants Julie Jones, Secretary of the Florida Department of Corrections and D.G. Lawrence. See eg ¶ 32 ("The defendants' deliberate indifference violated plaintiff's rights. . . .")

Wexford moves this Court to dismiss the Amended Complaint for the following reasons: **A.** Plaintiff has failed to state a claim upon which relief can be granted for Deliberate Indifference; **B.** Furthermore, this Court should strike Plaintiff's punitive damages claim as they are not supported by fact or law.

### II. ARGUMENT

#### A. PLAINTIFF FAILED TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE.

##### 1. WEXFORD'S ACTIONS, AS ALLEGED, DO NOT EQUATE TO DELIBERATE INDIFFERENCE.

"'[D]eliberate indifference to serious medical needs of prisoners constitutes the

---

[1] Dr. Danzig died on April 2, 2018 without being served. See [DE 53].
[2] See [DE 57].

unnecessary and wanton infliction of pain,' which is prohibited by the Eighth Amendment." Harris v. Leder, 519 Fed.Appx. 590, 595 (11th Cir. 2013) (citing Estelle v. Gamble, 429 U.S. 97, 104, (1976) (internal quotation marks omitted)). "To establish deliberate indifference to a serious medical need, an inmate must show: (1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm (the objective component); and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law (the subjective component)." Harris, 519 Fed.Appx. at 595-96 (internal quotations and citations omitted). "Disagreement over a matter of medical judgment does not constitute cruel and unusual punishment." Id. at 596. "[T]he question of whether governmental actors should have employed additional…forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Id. (citing Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (quoting Estelle, 429 U.S. at 107)).

Additionally, there must be a showing that the acts of the medical defendants were intentional or reckless. Duff v. Prison Health Services, 2011 WL 4542507 at *8 (M.D. Fla. 2011) (citing Farmer v. Brennan, 511 U.S. 825, 833-38 (1994); Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 n. 28 (11th Cir. 1994) (recognizing that the Supreme Court has defined "deliberate indifference" as requiring more than mere negligence and has adopted a "subjective recklessness" standard from criminal law)). "The deliberate indifference standard is a demanding one, and a showing of negligence is never enough, as the Supreme Court has stated that 'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment…'" Duff, 2011

WL 4542507 at *8 (quoting Estelle, 429 U.S. at 104, 106). See also McElligott v. Foley, 182 F.3d 1248, 1256 (11th Cir. 1999) (holding that failure to diagnose an inmate's colon cancer did not constitute deliberate indifference, even though it could be deemed extremely negligent).

"In order to properly establish the subjective component of the deliberate indifference analysis, the plaintiff must show that: (1) the defendants subjectively knew that a substantial risk of harm existed, (2) they disregarded that substantial risk, and (3) their conduct in disregarding that risk was more deliberate than mere negligence." Williams v. Arnold, 207 Fed.Appx. 980, 984 (11th Cir. 2006). "To establish the subjective component of deliberate indifference, the plaintiff must essentially show that the defendant intended to punish the plaintiff by depriving the plaintiff of necessary medical care." Id. at 984. "[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989).

See also Miller v. Correctional Medical Services, Inc., 2010 WL 3723998 (M.D. Ala. 2010) (dismissing plaintiff's § 1983 claims arising from inmate's death from sepsis due to defendants' failure to properly treat inmate's decubitus ulcers, or bed sores, on his body; plaintiff's allegations that defendants failed to properly diagnose and treat the inmate, misprescribed medication, failed to provide adequate or timely examinations, appropriate monitoring of medical conditions, appropriate plans of care, assessment of underlying medical conditions, and failed to follow internal policies and protocols for patient records, monitoring and treatment, may show gross negligence or medical malpractice, but did not rise to the level of deliberate indifference); Williams v. Arnold, 207 Fed.Appx. 980, 985 (11th Cir. 2006) (concluding that jail officials' delays in obtaining inmate's prescription medications for inmate's serious medical condition did not constitute deliberate indifference to support § 1983 claim for

Eighth Amendment violation); <u>Deese v. City of Jacksonville</u>, 2008 WL 5158289 at *12 (M.D. Fla. 2008) (concluding that defendants' treatment of inmate's sepsis, infected toe, and gangrene, which eventually led to amputation of leg, did not rise to level of deliberate indifference); <u>Lee v. Alachua County</u>, 2011 WL 2580162 (N.D. Fla.  2011) (dismissing    inmate's  §  1983  claim on grounds that alleged medical treatment of inmate's severe stomach virus did not rise to level of  deliberate  indifference;  the  defendants'  failure  to  treat  the  inmate  within  the  medical department and the nurse's recommendation that the inmate simply stay in bed and drink plenty of  water until the virus ran its course did not constitute deliberate indifference—disputes in medical judgment do not rise to the level of deliberate indifference); <u>Schneider v. Parker</u>, 2011 WL 722759 at *4 (M.D. Fla. 2011) (dismissing inmate's § 1983 claim on grounds that alleged medical treatment of inmate's staph infection and delay in such treatment did not rise to level of deliberate indifference; inmate's claim essentially disagreed with course of treatment prescribed and thus, fails to state a viable claim of deliberate indifference to medical care); <u>Kidd v. Maryweather</u>, 2007 WL 2206847 at *6 (M.D. Ala. 2007) (concluding that treatment of inmate's spider bite and resultant staph infection and pneumonia and inmate's contention that he should have been placed in a medical observation unit and prescribed other antibiotics did not constitute deliberate indifference).

With regard to the subjective analysis of the deliberate indifference claims, Plaintiff's allegations, even if assumed to be true for the purposes of this motion, fail to satisfy the subjective component of deliberate indifference. There are absolutely no allegations that would indicate that Wexford's alleged actions were intended to punish Plaintiff or otherwise recklessly or intentionally hurt him.  Plaintiff alleges that on or about October 17, 2014, he submitted a sick call request to obtain dental services for an abscessed molar. See ¶ 9 of the Amended Complaint.

Plaintiff submitted a second sick call request on December 10, 2014, stating that his "gums were bleeding and infected" and he "was in pain." <u>See</u> ¶ 11.   On December 19, 2014, Dr. Kubik "performed a cursory examination" of Plaintiff's mouth and dismissed him "without treatment." <u>See</u> ¶ 12.   From December 20, 2014 to February 2, 2015, Plaintiff continued to complain of "pain, infection, and bleeding" to unidentified "dental and security personnel." <u>See</u> ¶ 13.   But, there is nothing more.   Plaintiff never alleges that these actions were intended to punish him by depriving  the Plaintiff of necessary medical care, and therefore fails to state a cause of action.

### 2.   NEGLIGENCE IS INSUFFICIENT TO STATE A VALID CLAIM FOR DELIBERATE INDIFFERENCE.

"After incarceration, only the unnecessary and wanton infliction of pain… constitutes cruel and unusual punishment for been by the Eighth Amendment." <u>Whitley v. Albers</u>, 475 U.S. 312, 319 <u>citing</u> <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977).   "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety." <u>Id.</u> at 319. "Accordingly, under [Supreme Court cases] <u>Estelle</u> and <u>Farmer</u>, deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) **by conduct that is more than mere negligence**." <u>McElligott v. Foley</u>, 182 F.3d 1248 (11 Cir. 1999).

Furthermore, the "Supreme Court has held that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property." <u>Faulkner v. Monroe County Sheriff's Office</u> 2010 WL 11469655 (S.D. Fla. Oct. 7, 2010) 10-CIV-10074 <u>citing</u> <u>Daniels v. Williams</u>,  474 U.S. 327, 329-336 (1986).

 Plaintiff nowhere alleges that Wexford intended to punish him by depriving  him of

necessary medical care (which would satisfy the Deliberate Indifference standard)---this necessarily leaves only negligence.  The law is clear that deliberate indifference requires conduct that is more than mere negligence, and therefore Plaintiff fails to state a cause of action.

### 3.   PLAINTIFF HAS FAILED TO SPECIFICALLY ALLEGE ANY UNCONSTITUTIONAL CUSTOM, POLICY, OR PROCEDURE EQUATING TO DELIBERATE INDIFFERENCE.

Because Wexford is a corporation, liability only attaches if an official unconstitutional policy or custom of the corporation caused the alleged deprivation of constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Buckner v. Toro, 116 F.3d 450 (11th Cir. 1997) (extending the application of Monell to private corporations performing traditional public functions); Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc) (stating that a "[corporation] is liable under section 1983 only for acts for which [the corporation] is actually responsible"), abrogated in part by Bell Atl. Corp., 550 U.S. at 561-63. Therefore, a corporation's liability may not be vicarious. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell, 436 U.S. at 694.

"A policy is a decision that is officially adopted by the [corporation], or created by an official of such rank that he or she could be said to be acting on behalf of the [corporation]. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). "To establish a policy or custom, it is generally necessary to show a persistent and widespread practice. Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the [corporation]." Depew v. City of St. Mary's, 787 F.2d 1496, 1499 (11th Cir. 1986). The Supreme Court requires "a plaintiff seeking to impose liability on a [corporation] under

§1983 to identify a [corporate] 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403 (1997).

However, a plaintiff must do more than merely identify a policy—there must be proof the policy was created with "deliberate indifference to its known or obvious consequences." Davis v. DeKalb Cnty. Sch. Dist., 233 F.3d 1367, 1375-76 (11th Cir. 2000); see also Monell, 436 U.S. 658. That is, "liability under §1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986).

The Brown Court also narrowed the test for causation when it stated:

> [I]t is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Brown, 520 U.S. at 404 (emphasis in original). A plaintiff's burden is heavy, and the Eleventh Circuit described both the required showing and the reason for the heightened showing:

> This high standard of proof is intentionally onerous for plaintiffs; imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to respondeat superior liability—a result never intended by section 1983. As the Supreme Court has explained, '[t]o adopt lesser standards of fault and causation would open municipalities to unprecedented liability under §1983. In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a §1983

> plaintiff will be able to point to something the city "could have done" to prevent the unfortunate incident.

Gold v. City of Miami, 151 F.3d 1346, 1351 n.10 (11th Cir. 1998); see also Brown, 520 U.S. at 415 (stating that "[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability").

While a corporation may be liable for deliberate indifference regarding medical care, claims of negligence are never enough to satisfy pleading requirements, as "should haves" are not grist for constitutional litigation. Estelle, 429 U.S. at 106; Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

The Eleventh Circuit reviewed the necessary showing in McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004). There, the plaintiff brought section 1983 claims against a Georgia county, claiming policies constituted and resulted in deliberate indifference to his medical needs. Specifically, the plaintiff claimed a policy of understaffing officers to transport inmates to the hospital caused a delay in his transport to the hospital.

In McDowell, an inmate was seen and treated for back pain at a local hospital on June 5, 1997. At 9:30 the next night, he reported an inability to urinate and difficulty walking, and medical personnel in the employ of a private medical contractor decided to send him back to the hospital. But transporting officers could only take one inmate at a time, and another inmate with trauma was transported first. The next morning, McDowell's transport was bumped several times by mental health inmates, as his condition was not considered an emergency and mental health transports were given priority by policy. Later, McDowell reported no feeling in his legs; was examined by a physician; his condition deemed emergent; and he was taken to the hospital by ambulance. A spinal abscess was diagnosed,

and surgery was performed. After surgery, McDowell was an incomplete paraplegic. <u>See</u> <u>McDowell</u> at 1286-87.

<u>McDowell</u> arrived at the 11th Circuit after the district court granted summary judgment to the county. The court noted the longstanding rule that municipalities cannot be vicariously liable in section 1983 cases, and a plaintiff must show a custom or policy constituted deliberate indifference and a constitutional violation. Id. at 1289 (<u>citing</u> <u>Monell</u>, 436 U.S. at 692).

"This threshold identification of a custom or policy 'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.' " <u>McDowell</u>, 392 F.3d at 1290 (<u>quoting</u> <u>Bd. of County Com'rs v. Brown</u>, 520 U.S. 397, 403-04 (1997)). That identification "prevents the imposition of liability based upon an isolated incident." <u>Id</u>. "Rather, the incident must result from a demonstrated practice." <u>Id</u>. The Eleventh Circuit concluded that "based on these instructions, McDowell must establish that the county's policy was to understaff the field division, and that this practice left the division unable to execute medical transports." <u>Id</u>.

McDowell could not "point to another occasion when the Jail's understaffing, and resulting inability to transport, contributed to or exacerbated an inmate's medical condition." <u>Id</u>. Therefore, the court determined this occurrence was an "isolated incident" rather than a "persistent" or "widespread" policy. <u>Id</u>. at 1290-91.

Next, the McDowell court analyzed whether the "municipality's action was 'taken with the requisite degree of culpability . . . with deliberate indifference to its known or obvious consequences.' " <u>Id</u>. at 1291 (<u>citing</u> <u>Davis ex rel. Doe v. Dekalb County Sch. Dist.</u>,

233 F.3d 1367, 1375-76 (11th Cir. 2000)). The court found McDowell could not rely on a "generalized policy of understaffing, and a resultant inability to transport." Instead, he had to show the county had a "deliberate intent" to inadequately staff the jail. Id.

Relying on the Supreme Court's decision in Brown, the McDowell court found that in a case "where the plaintiff claims that a municipality's facially valid actions violated his constitutional rights . . . , 'rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee.' " Id. (quoting Brown, 520 U.S. at 405). "Congress did not intend municipalities to be held liable unless deliberate action attributable to the municipality directly caused a deprivation of federal rights." Brown, 520 U.S. at 415, 117 S.Ct. 1382 (emphasis in original). For municipal action "to meet this burden, a plaintiff must demonstrate that the lawful action was 'taken with deliberate indifference as to its known or obvious consequences.' " McDowell, 392 F.3d at 1291 (quoting Brown, 520 U.S. at 407). A "showing of simple or even heightened negligence is not enough." Id. (citing Brown at 407).

Applying these rules, the Eleventh Circuit found McDowell's argument without merit. The court determined there was no evidence the governing body knew of any potential medical concerns caused by its decision, and found the policy to be sound. Id. (stating that the policy to transport inmates or call an ambulance was a "clear, simple directive that said if you cannot transport with your resources you are to call an ambulance for needed medical transportation"). McDowell could not establish "that the Board would anticipate that inmates would not receive timely medical attention." Id. at 1292. Thus, the court found the alleged constitutional violation was not a "highly predictable consequence" of the county's failure to budget and staff the jail. Id. The court then considered causation. The county's "deliberate

conduct" had to be the "moving force" behind McDowell's injury. Id. The court recognized

the Supreme Court's caveat in Brown that "[t]o prevent municipal liability for a . . . decision

from collapsing into *respondeat superior* liability, a court must carefully test the link

between the policymaker's inadequate decision and the particular injury alleged." Id.

(quoting Brown, 520 U.S. at 410). To "test the link" between the injury and the County's

conduct, the McDowell court looked "to whether a complete review of the budget decision

(and the resulting understaffed Jail) reveals that the Board should have known that the

injuries were a 'plainly obvious consequence' of that decision." Id. (stating that "[w]hile it

may be true that the Board's budget decision would make a violation of his constitutional

rights 'more likely," that alone cannot 'give rise to an inference that a policymaker's failure

to scrutinize the [budget]. . . produced a specific constitutional allegation)(quoting Brown at

411). Again, relying on Brown, the court went on to state that "liability must be premised on

a finding that "this" budget decision was 'highly likely to inflict the particular injury'

McDowell suffered." Id. at 1292 (quoting Brown at 411) (emphasis in original). The

McDowell court stated:

> McDowell did not proffer testimony that members of field
> division believed they could not perform medical transports
> because of understaffing. Additionally, McDowell did not
> demonstrate that the County was the moving force behind his
> injury, given that the Jail was instructed to request an
> ambulance to transport medical cases to Grady when the field
> division was unavailable. Finally, the record indicates that the
> consequences associated with the Jail's failure to transport
> McDowell to the hospital in a timely fashion never happened
> before. To hold a municipality liable for any conceivable
> constitutional violation, whether based on past concrete injury
> or mere speculation, would erode its ability to manage and
> govern. Id. at 1292-93.

Plaintiff has two methods to establish Wexford's unconstitutional policy: (1) an officially promulgated unconstitutional policy, or (2) a widespread unconstitutional and unofficial custom or practice created by a policymaker for Wexford. He must also allege the policy was created with knowledge that his injury was a highly probable consequence of the policy's creation.

Plaintiff's deliberate indifference claim is incompletely and fatally pled. Where pleading minimums require allegations of specific policies, the word "policy" does not even appear in Plaintiff's Amended Complaint.  In fact, the Amended Complaint is devoid of any allegations as to custom, policy, or practice. Specific pleading is required to keep these claims from developing into vicarious liability claims.  The required specifics are lacking in Plaintiff's Amended Complaint.

**B.    FURTHERMORE, THIS COURT SHOULD STRIKE PLAINTIFF'S PUNITIVE DAMAGES CLAIM AS THEY ARE NOT SUPPORTED BY FACT OR LAW.**

Plaintiff seeks punitive damages which are not supported by fact or law and should be stricken from the Amended Complaint under Fed.R.Civ.P. 12(f) which permits the Court to strike "redundant, immaterial, impertinent, or scandalous matter[s]."

As to punitive damages, it is well settled that punitive damages are appropriate in § 1983 cases "where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights."  H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1089 (11th Cir. 1986) citing Smith v. Wade, 461 U.S. 30, 56 (1983).  Yet, as argued above, Plaintiff has not alleged the requisite intent to establish deliberate indifference, let alone the heightened requirement of "conduct motivated by evil intent" to establish punitive damages.

## III. Conclusion

For the reasons argued above, the claims against Wexford must be dismissed, and if not dismissed in their entirety, Plaintiff's claim for punitive damages must be stricken.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was E-filed with the Clerk of Court through the CM/ECF system on **July 12 2018**, and served via U.S. Mail to:  **CODY MCCLAIN #H17550**, Moore Haven, CI, PO Box 719001, Moore Haven, Florida 33471.

CHIMPOULIS, HUNTER & LYNN, P.A.
Attorneys for Defs/WEXFORD HEALTH
SOURCES, INC. and DR. RICHARD M. KUBIK
150 South Pine Island Road - Suite 510
Plantation, FL  33324
Phone: (954) 463-0033 / FAX:  (954) 463-9562

BY:   /s/ Alexander Dombrowsky
ALEXANDER DOMBROWSKY, ESQ.
Florida Bar No.:  186260
Email – adombrowsky@chl-law.com
M. KATHERINE HUNTER, ESQUIRE
Florida Bar No.:  981877
Email – khunter@chl-law.com