UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CODY MCCLAIN,

    Plaintiff,

v.                                        Case No: 2:15-cv-594-FtM-38UAM

ROBERT MICHAEL DANZIG, FNU
KUBIK and WEXFORD HEALTH
SOURCES, INC.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court are motions to dismiss by Defendant Wexford Health Sources, Inc. (Doc. 59, "Wexford") and Defendant Dr. Kubik (Doc. 60, "Kubik) filed July 13, 2018. Plaintiff filed a consolidated response in opposition to the motions (Doc. 61). For the following reasons, the Court grants Defendant Wexford's motion, denies Defendant Kubik's motion, and *sua sponte* dismisses Dr. Danzig.

### Background

Plaintiff Cody McClain, an inmate incarcerated in the Florida Department of Corrections, is proceeding on his amended[2] civil rights complaint filed under 42 U.S.C. §

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court granted Plaintiff leave to file an amended complaint. Doc. 40.

1983 (Doc. 41, "Amended Complaint"). On June 28, 2018, the Court granted Defendants Jones and Lawrence's Motion to Dismiss Plaintiff's Amended Complaint. Doc. 57. In addition to the above dismissed defendants, the Court construes the Amended Complaint to name Dr. Kubik, Wexford Health Sources, Inc., and Robert Michael Danzig, D.D.S. as defendants. Doc. 41 at 1, 3-6. Liberally construed, the Amended Complaint alleges Eighth Amendment violations stemming from the initial delay and eventual improper dental treatment McClain received while he was confined in DeSoto Correctional Institution. *See generally* Doc. 41 at 4-15. As relief, McClain seeks declaratory relief, compensatory damages, punitive damages, and costs. *Id.* at 16.

The following facts are set forth in the Amended Complaint and are accepted as true for purposes of this Motion. On or about October 17, 2014, McClain submitted a sick call request to obtain dental services for what he believed was an abscessed molar. *Id.* at 6. McClain submitted a second sick call request on December 10, 2014, stating that his "gums were bleeding and infected" and he "was in pain." *Id.* at 7. On December 19, 2014, Dr. Kubik "performed a cursory examination" of Plaintiff's mouth and dismissed him "without treatment." *Id.* From December 20, 2014 to February 2, 2015, McClain continued to complain of "pain, infection, and bleeding" to unidentified "dental and security personnel." *Id.* at 8. On February 20, 2015, Dr. Kubik "performed a second cursory examination, and despite the obvious swelling, draining puss, and [McClain's] complaint of pain" did not render any treatment. *Id.* McClain made "several more requests for treatment" and was in "severe pain" and "endured the disgusting taste of infection" until April 22, 2015, when he was examined by Dr. Danzig who prescribed McClain antibiotics

and a pain reliever. *Id.* at 9. After two follow-up appointments, on June 11, 2015, Dr. Danzig extracted McClain's tooth, which McClain asserts was the "wrong tooth." *Id.*

That same day, McClain submitted an informal grievance checking the box "Warden" claiming that Dr. Danzig removed the wrong tooth. Doc. 41-1 at 4. On June 16, 2015, Dr. Danzig responded to the informal grievance stating that he did not pull the wrong tooth as confirmed by the x-rays, but that McClain has "advanced periodontal disease" and "probably another tooth in the area still needs attention." *Id.* On June 26, 2015, McClain submitted a Request for Administrative Remedy or Appeal checking the box "Assistant Warden" requesting that he be provided with the number of the tooth pulled and the number of the tooth on the x-ray. *Id.* at 5. Defendant Lawrence denied McClain's request for administrative remedy or appeal stating, in part, "tooth 14 was correctly extracted due to periodontal disease. The radiograph clearly confirms the appropriate treatment was administered." *Id.*at 6. On August 14, 2015, McClain submitted a Request for Administrative Remedy or Appeal checking the box "Secretary, Florida Department of Corrections" requesting an extension of time to appeal. *Id.*at 7. On August 21, 2015, McClain's request for an extension of time to file an administrative appeal was denied by "C. Neel." *Id.*at 8.

**Standard of Review and Applicable Law**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). In general, a complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests to satisfy the pleading requirements of Fed. R. Civ. P. 8. *Id.* at 555. In addition, the plaintiff's claim

3

must be plausible on its face to overcome a Rule 12(b)(6) motion to dismiss. *Id.* at 556. In particular, the court must be able to draw a reasonable inference from the complaint that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the facts need not be detailed, they must "raise a reasonable expectation that discovery will reveal evidence" in favor of the plaintiff's claim. *Twombly*, 550 U.S. at 556. Overall, labels, conclusions, and a formulaic recitation of the elements of a cause of action are not enough to meet the plausibility standard. *Id.* at 555. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if the alleged claim is not supported by enough factual allegations to raise a reasonable expectation of relief. *Id.*

To state a claim for violating the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prove medical indifference, the plaintiff must demonstrate:

> (1) he had a serious medical need (the objective component); (2) the prison official acted with deliberate indifference to that serious medical need (the subjective component); and (3) the official's wrongful conduct caused the injury. To satisfy the subjective component, the plaintiff must prove the prison official subjectively knew of a risk of serious harm, the official disregarded that risk, and the official's conduct was more than gross negligence.

*Fischer v. Fed. Bureau of Prisons*, 349 F. App'x 372, 374 (11th Cir. 2009) (citing *Goebert v. Lee County,* 510 F.3d 1312, 1326-27 (11th Cir.2007)). Mere inadvertence, negligence, medical malpractice, or a simple difference in medical opinion do not rise to the level of deliberate indifference. *See Estelle,* 429 U.S. at 106; *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989). In a delay-of-treatment case, the relevant factors include: "(1) the

4

seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert,* 510 F.3d at 1327.

A supervisory official cannot be held liable under a theory of *respondeat superior* or vicarious liability in a § 1983 action. *See Iqbal* 556 U.S. at 676; *Brown v. Crawford*, 906 F. 2d 667, 671 (11th Cir. 1990). Instead, supervisory liability under § 1983 occurs when the supervisor either (1) personally participates in the alleged unconstitutional conduct; or (2) when there is a causal connection between the actions of a supervising official and the alleged constitutional violation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection is shown when (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so," or (2) "a supervisor's custom or policy results in deliberate indifference to constitutional rights," or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006) (internal quotations and citations omitted).

**Analysis**

Defendant Wexford

Defendant Wexford seeks dismissal of the Amended Complaint because as a corporate entity it cannot be held vicariously liable for the acts of its employees; and, instead liability can only attach if an official custom or practice caused the alleged deprivation of constitutional rights. Doc. 59 at 7. Wexford argues that the Amended Complaint is devoid of any such allegations. *Id.* at 13. Alternatively, Wexford seeks to

5

strike Plaintiff's claims for punitive damages on the basis that the Amended Complaint is insufficient to show conduct motivated by an evil intent. *Ibid.*

Wexford, although a private entity, may be held liable under § 1983 because it was tasked with providing dental and medical care to inmates within the Florida Department of Corrections, which is a "function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Nonetheless, because it is a corporate entity, the *Monell*[3] policy or custom requirement applies. *Ibid.* Thus, Plaintiff must allege facts that Wexford "had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." *Craig, v. Floyd Cty.*, 643 F.3d 1306, 1310 (11th Cir. 2011). "Because a [corporation] rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs. . . must show that the [corporation] has a custom or practice of permitting it and that the [corporation's] custom or practice is 'the moving force [behind] the constitutional violation.' " *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1330 (11th Cir. 2003) (citations omitted, and alterations added). Thus, for Wexford to be liable, Plaintiff must identify a policy or practice which was "the moving force" behind injury or harm to Plaintiff. *See Fields v. Corizon Health, Inc.*, 490 F. App'x. 174, 183-85 (11th Cir. 2012). And, there must be "a direct causal link between the policy or custom and the alleged constitutional deprivation." *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Here, the Amended Complaint is completely devoid of any claim that the delay in providing dental care or the alleged improper dental treatment eventually rendered to Plaintiff was due to any custom, policy or practice instituted by Wexford. Instead, the

---

[3] *Monell v. Dep't of Social Servs. Of New York*, 436 U.S. 658, 690-91 (1978).

Amended Complaint identifies Wexford as the corporation contracted by the Florida Department of Corrections to provide dental treatment and the employer of Dr. Kubik and Dr. Danzig. Doc. 41 at 5. Liberally construed, the Amended Complaint appears to attribute liability to Wexford solely because it employed Dr. Kubik and Dr. Danzig. A corporation cannot be held vicariously liable under § 1983 for any inaction or action taken by its employees. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Consequently, the Court will grant Defendant Wexford's motion to dismiss.

<u>Defendant Kubik</u>

Defendant Kubik seeks dismissal of the Amended Complaint on the basis that Plaintiff has failed to plead that Kubik's actions were intended to punish Plaintiff or otherwise recklessly in intentionally harm him." Doc. 60 at 6. In support, Defendant Kubik cites to cases where an inmate disagreed with the medial treatment rendered by the defendant. *Id*. at 5. Alternatively, Kubik seeks to strike Plaintiff's claims for punitive damages on the basis that the Amended Complaint is insufficient to show conduct motivated by an evil intent. *Id*. at 7.

In order to raise an Eighth Amendment, claim for deliberate indifference, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). More specifically, plaintiffs must allege: (1) "an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm", and (2) "an objectively insufficient response" that was "poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Dennis v. Warden, Ware State Prison*, 648 Fed.

7

Appx. 918, 920 (citations omitted). For Eighth Amendment purposes, the "medical need of the prisoner need not be life threatening." *Washington v. Dugger,* 860 F.2d 1018, 1021 (11th Cir.1989). In addition, each individual defendant must: (3) "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (4) "must also draw the inference." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1234 (11th Cir. 2010) (citations omitted). "Imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." *Id.* (alterations and citations omitted).

The Court finds that the Amended Complaint adequately states a claim for deliberate indifference under the Eighth Amendment against Defendant Kubik. Here, Plaintiff submitted his first sick call request in October 2014 to obtain dental services for what Plaintiff believed was an abscessed molar. Doc. 41 at 6. After not receiving a call-out, he submitted a second sick call request on December 10, 2014, stating that his "gums were bleeding and infected" and he "was in pain." *Id.* at 7. Finally, on December 19, 2014, two months after he first requested dental care, Dr. Kubik examined Plaintiff and only "performed a cursory examination" of Plaintiff's mouth and dismissed him "without treatment." *Id.* McClain continued to complain of "pain, infection, and bleeding" from December 20, 2014 to February 2, 2015, until he was seen again on February 20, 2015 by Dr. Kubik, who again "performed a second cursory examination, and despite the obvious swelling, draining puss, and [McClain's] complaint of pain" did not render any treatment. *Id.* McClain eventually received dental treatment on April 22, 2015, when he was examined by Dr. Danzig who prescribed antibiotics and a pain reliever. *Id.* at 9.

8

The courts have universally agreed that a dental problem of whatever nature that results in substantial pain qualifies as a serious medical need. *Farrow v.West,* 320 F.3d 1235, 1243–45 (11th Cir. 2003) (significant pain and weight loss resulting from lack of dentures constituted a serious medical need); *Young v. Kazmerski* 266 F. App'x 191, 193 (3rd Cir. 2008) (unnecessary pain arising from the denial and delay of adequate dental care is, objectively, a serious medical need); *McCarthy v. Place,* 2008 WL 5069039 at *4 (6th Cir. Dec.2, 2008) (unpublished) (significant pain and discomfort resulting from the failure to treat cavity and toothache constituted serious medical need); *Hartsfield v. Coburn,* 371 F.3d 454, 456 (8th Cir. 2004) (extreme pain resulting from loose and infected teeth constituted a serious medical need); *Stack v. McCotter,* 79 F. App'x 383, 388–89 (10th Cir.2003) (persistent pain from failure to treat inmate's periodontitis was itself sufficient to establish that his dental need was objectively serious despite fact that he eventually received satisfactory treatment and could show no permanent injury resulting from the delay in treatment). Inmates have a right to *timely* treatment for serious medical conditions. See *Gobert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007). Under section 1983 "knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference." *Carswell v. Bay Cty.*, 854 F.2d 454, 457 (11th Cir. 1988) (quoting *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 704 (11th Cir. 1985). Here, despite Plaintiff exhibiting the need for dental treatment, Defendant Kubik elected to take no action. Inaction in the face of a need for medical treatment constitutes deliberate indifference. *Gobert*, 510 F.3d at 1331. Further, given the undeveloped record, the Court declines to rule on what motivated Defendant Kubik's conduct to determine whether Plaintiff is

entitled to punitive damages should he prevail on his claim because such an inquiry is fact intensive. Consequently, the Court will permit Plaintiff the opportunity through discovery to develop the facts necessary to support his request for punitive damages.

Defendant Danzig

As of the date of this Order, despite repeated attempts, service has not been effectuated upon Dr. Danzig. On May 29, 2018, Defendant Wexford filed a Notice of Filing of Death of Defendant Danzig (Doc. 53, Notice). It is unclear whether the Notice was served upon the Estate of Dr. Danzig to trigger the 90-day time-period within which Plaintiff was required to move for a substitution of defendant. *See* Fed. R. Civ. P. 25(a)(1), (3). To trigger the 90-day period mandated by Rule 25,[4] the party serving the notice of death must identify and serve the notice of death on the decedent's representative. *Williams v. Scott*, Case No. 07-22617-CIV, 2011 WL 541343, at *3 (S.D. Fla. Feb. 8, 2011) (citations omitted).

Nonetheless, the Court finds that the Amended Complaint fails to state a claim against Dr. Danzig. According to the Amended Complaint, Dr. Danzig prescribed antibiotics and pain medication the first time he examined Plaintiff on April 22, 2015, and then scheduled Plaintiff for two follow-up appointments before Dr. Danzig extracted Plaintiff's abscessed tooth. Doc. 41 at 8-9. Plaintiff contends that Dr. Danzig extracted the wrong abscessed tooth. *Id.* at 9-10. However the exhibits attached to Plaintiff's Amended Complaint indicate that the x-rays confirmed that Dr. Danzig pulled the correct tooth and Plaintiff was suffering from "advanced periodontal disease" and likely "another

---

[4] Rule 25 provides that if a motion for substitution is not made within 90 days after service of a statement noting the death of a party, the action by or against the decedent must be dismissed. Fed. R. Civ. P. 25(a)(1).

tooth in the area still needs attention." Doc. 41-1 at 4.  At most, the Amended Complaint alleges a simple difference of medical opinion between Plaintiff and Dr. Danzig, which fails to support a claim of deliberate indifference.  *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) ("[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment.").  Further, even assuming that Dr. Danzig pulled the wrong tooth (not conceded by the Court) which may constitute medical malpractice, medical malpractice does not give rise to a § 1983 cause of action.  *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  *See also Waldrop v Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).  Consequently, the Court dismisses Plaintiff's Amended Complaint against Defendant Dr. Danzig.

Accordingly, it is now

**ORDERED:**

1. Defendant Wexford Health Sources, Inc. Motion to Dismiss Amended Complaint is **GRANTED** (Doc. 59).

2. Defendant Kubik's Motion to Dismiss (Doc. 60) is **DENIED** in its entirety and Defendant Kubik shall file an Answer to Plaintiff's Amended Complaint **within twenty (20) days** of the date of this Order.

3. Plaintiff's Amended Complaint is **DISMISSED** against Defendant Robert Michael Danzig D.D.S. pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), or in the alternative pursuant to Fed. R. Civ. P. 25(a)(1).

4. Defendant Wexford's Motion to Compel Discovery Responses (Doc. 65) is **DENIED as moot**.

5. The Court by separate order will enter a discovery schedule.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of March 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record